W. A. FELTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21897.   Promulgated November 9, 1929.

*Ralph W. Smith, Esq.,* and *Claude I. Parker, Esq.,* for the petitioner.

*C. H. Curl, Esq.,* for the respondent.

OPINION.

LITTLETON: The evidence of a partnership existing between the petitioner and his wife in 1922 and 1923 is not satisfactory. All we have is the testimony of petitioner that he considered himself and his wife partners. This is not enough.

The partnership notice was executed and filed while petitioner and his wife were apparently residents of Oregon. The notice filed in Oregon merely declares that they "intend to conduct a wholesale furniture business under a partnership, with its principal place of business at 797 Northrup Street, in the City of Portland, Multnomah County, Oregon, under the designation, name and style of W. A. FELTON WHOLESALE FURNITURE."

The notice indicates only an *intention*, and there is no evidence that such intention was ever carried out. There is nothing in the notice stating what the interest of each would be in the partnership, nor that she was required to be in any way active in the production of income or in the business.

The negotiations with the furniture manufacturers for whom sales were made appear to have been carried on in the name of the petitioner; the verbal agreements with them were made by him and the commission checks were issued in his individual name and were deposited in his name to his individual credit *until* the Government made the investigation which resulted in the sixty-day letter in this case.

The fact that petitioner's wife traveled with him on his business trips and rendered some service in connection with his work does not establish a partnership.

The manner in which petitioner conducted his business indicates that the commissions earned in his name, paid in his name, deposited in his individual account and invested in his own name in securities, were his individual property, so recognized and treated by the concerns for which he sold furniture and by others with whom he dealt.

The petitioner relies on *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436; *Young* v. *Gnichtel*, 28 Fed. (2d) 789, and *Bowers* v. *New York Trust Co.*, 9 Fed. (2d) 548, in support of his contention. These cases are not in point. They involved assignments and not a partnership. There was no valid assignment here that would give the wife any right to report as her income any of petitioner's earnings.

The original declaration of intention on the part of petitioner and his wife while in Oregon to conduct a wholesale furniture business there did not of itself constitute them equal partners in the business he was then carrying on and continued to carry on in the same way in 1922 and 1923 in California, until the investigation and action of the Government relative to income taxes indicated that their method of doing business and keeping accounts was not consistent with their claim of a partnership between them.

There was no valid partnership agreement between petitioner and his wife, effective during the taxable years in question, which would render the income for such years taxable to him and his wife. It is not enough for husband and wife to say between themselves, "We are partners." They must conduct themselves and the business in such a way as to constitute a partnership in fact and in law, to hold themselves out to the public and those with whom they deal so that a partnership liability may be fixed and established. There is nothing in this record to show the legal liability of the purported partners, the circumstances under which they proposed to be partners, nor to establish the necessary elements of a valid partnership.

*Judgment will be entered for the respondent.*